Argued March 9, affirmed March 29, 1961

## BELTEY *v.* BENEFIT ASSOCIATION OF RAILWAY EMPLOYEES

360 P. 2d 620

*Jack H. Dunn,* Portland, argued the cause for appellant. With him on the briefs were Maguire, Shields, Morrison, Bailey & Kester, Portland.

*Wendell E. Cameron,* Portland, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

PERRY, J.

The plaintiff brought this action to recover benefits under a medical and hospital insurance policy

issued by the defendant. The sole question involved is one of interpretation of the policy issued by defendant. The trial court entered judgment for the plaintiff and the defendant appeals.

There is no real dispute between the parties as to the facts which are as follows. The wife of the plaintiff, who was an additional insured under defendant's policy, received severe burns on her body and as a result was hospitalized continuously for a total of 105 days and then discharged. The defendant paid the plaintiff the benefits due for hospitalization for the maximum period of 70 days as provided in the policy of insurance. There is no dispute between the parties as to the correctness of this payment for the 105 days of hospitalization. While plaintiff's wife was convalescing from the burns after her discharge from the hospital, she was returned to the hospital because of a heart condition not caused by or related to the burns. This return to the hospital was three days after her discharge for treatment of the burns. Her return to the hospital was on February 23, 1958, and she died March 11, 1958. It is for the payment of claimed benefits for this period of time that is in dispute.

The insurance policy provides:

"The maximum compensable period for hospital benefits shall be SEVENTY days; however, intermittent periods of hospitalization resulting from the same or related cause or causes or during any one period of disability will be considered as one compensable Hospitalization period."

The defendant construes the word "disability" as used in the above-quoted paragraph of its policy in the broad sense of the word, i.e., that plaintiff suffered a disability when she first entered the hospital

and since she was still somewhat disabled from her burns and her health generally was so poor that she could be considered a disabled person at the time of her first discharge from the hospital to the time of her readmission to the hospital, the entire episode should "be considered as one compensable Hospitalization period" under the terms of the policy.

The plaintiff takes the opposite view on the basis that "disability" as used in the policy means separate and distinct illnesses and does not refer particularly to the general physical condition of an assured.

It is to be noted, the policy provides for a maximum compensable period of 70 days, but nowhere in the policy, unless found in the particular clause above quoted, is there any language which would indicate when, after a period of 70 days has been expended, the coverages of the policy are again available to an assured. In other words, the hospital coverage under the policy does not expire with the use of the 70-day compensable period in a definite period of time, such as a calendar or insurance year, it is limited only as to the length of a single period of use.

Since benefits are to be granted an assured again after a 70-day period has expired, we must construe the language of the policy to determine when these benefits once used are again available to an assured. Therefore, the words of the policy clause in question which follow the word "however" must have been used to qualify and explain what hospitalization the company will consider to fall within a single 70-day limitation period and when a new period of benefits will commence.

Viewed in the light of the purpose of this clause, it becomes immediately clear that the term "disability" as therein used refers to the particular in-

firmity which caused the beneficiary to enter the hospital and expend in 70 days the benefits provided. Also, it is clear that the use of the words "same or related causes" in this clause would prevent a new period of benefits from starting if readmission to the hospital was necessary after the 70 days had expired where the readmission was due to the same or related causes arising out of the prior infirmity.

Since the defendant agrees that the trial court could reasonably find that the readmission of the plaintiff's wife was not due to her prior condition, the benefits under the policy were again available.

On plaintiff's motion for attorney's fees in this court as provided by ORS 736.325, the sum of $350 is allowed.

The judgment of the trial court is affirmed.